Putnam agt. Heath.

## SUPREME COURT.

ALONZO PUTNAM, respondent, agt. MARTIN HEATH, appellant.

The plaintiff, in an action on contract, before a justice of the peace, recovered $135 78 damages and $13 05 costs. The defendant appealed to the county court, and in his notice of appeal specified the following, amongst other particulars, in which he claimed the judgment should be more favorable to him:

"7th. The judgment should have been more favorable to the defendant in that damages should not have been so great by $25."

"8th. Judgment should have been more favorable to defendant in that damages should have been not to exceed $100, and should not have been more than $75."

In the county court the plaintiff had judgment for $119 17 damages, being $16 61 less than he recovered in the court below.

*Held,* that the plaintiff was entitled to *costs.* The statement in the appellant's notice of appeal is fatally defective. It is impossible for the respondent to know what sum the appellant is willing the judgment should be reduced, and it is this information he was bound to furnish by his notice—he should have named the *precise sum* to which the judgment should be reduced. (*The decision in the case of Gray agt. Hannah,* 30 *How.,* 156, *not concurred in, as there the notice of appeal was that the judgment of the justice should have been for a sum not exceeding* $35,)

All that the statute requires is that the modification desired should be clearly and precisely stated, and it matters not in what language the statement is clothed, if the requisite precision and certainty are obtained.

*Fourth Judicial Department, General Term, Sept.,* 1870.
*Before* MULLIN, *P. J.,* JOHNSON *and* TALCOTT, *JJ.*
APPEAL from an order of special term, by defendant.

Mr. LOCKWOOD, *for appellant.*

*By the court,* MULLIN, *P. J.*—The plaintiff brought an action before a justice of the peace of the county of Chatauqua, to recover damages for the breach of a contract concerning butter, and recovered $135 78 damages and $13 05 costs.

The defendant appealed to the county court of said county.

In his notice of appeal he specified the following amongst other particulars, in which he claimed the judgment should be more favorable to him.

"7th. The judgment should have been more favorable to the defendant in that damages should not have been so great by $25.

"8th. Judgment should have been more favorable to defendant in that damages should have been not to exceed $100, and should not have been more than $75."  –

In the county court the plaintiff had judgment for $119 17 damages, being $16 61 less than he recovered in the court below.

Both parties claimed to be entitled to costs in the county court. The county clerk taxed the plaintiff's costs at $107 15, and refused to tax costs for the defendant.

A motion was then made in the county court by the defendant, to strike plaintiff's costs, as adjusted by the clerk, from the roll and allow the costs of the appeal to the defendant and that they be inserted in the judgment.

The county court denied the motion, without costs to either party, and from that order the defendant appeals to this court.

Section 371 of the Code prescribes that costs shall be allowed to the prevailing party in judgments rendered in appeal cases with the following exceptions and limitations: In the notice of appeal the appellant shall state in what particular or particulars he claims the judgment should have been more favorable to him.   *   *   *   Within fifteen days after service of the notice of appeal, the respondent may serve on the appellant and justice a consent, in writing, to allow the judgment to be corrected in any of the particulars mentioned in the notice of appeal.   The appellant may thereupon, and within five days thereafter, file with the justice a written acceptance of such offer, who shall thereupon make a minute thereof in his docket and correct such judgment accordingly.   *   *   *   If such offer

be not made, and the judgment in the appellate court be more favorable to the appellant than the judgment in the court below, or if such offer be made and not accepted, and the judgment be more favorable to the appellant than the offer of the respondent, the appellant shall recover costs, provided however, the appellant shall not recover costs unless the judgment appealed from be reversed on such appeal, or be made more favorable to him to the amount of $10. * * * The respondent shall be entitled to costs when the appellant is not."

The courts have differed very widely in the construction given to this portion of the code.

It has been held by some of them, that it is the duty of the appellant to specify, in his notice of appeal, the precise modifications he desires to be made in the judgment of the justice, and that unless he is thus precise and particular the respondent is not obliged to offer to modify the judgment, and he (the appellant) is not entitled to costs if on the trial in the county court a more favorable judgment shall be recovered by the respondent. Such was the construction given to the section in *Gray* agt. *Hannah* (30 *How.*, 156), *Hotchkiss* agt. *Banks* (36 *How.*, 61).

Other courts have held that it is a sufficient compliance with the requirements of the section for the appellant to state, in his notice of appeal, that the judgment is for too much, or if he claims a modification in any other particular, to specify it in general terms, and that he is not required to name the exact sum to which he claims the judgment should have been rendered for, nor to specify the precise modification in any other respect which he may deem himself entitled to.

This was held in *Wallace* agt. *Patterson* (29 *How.*, 170); *Reed* agt. *Moore* (31 *How.*, 264).

In this conflict of authority we are at liberty to give to the section such a construction as, in our opinion, is best calculated to give effect to the manifest intention of the

Putnam agt. Heath.

legislature, without doing violence to the language used to express it.

The design of the legislature undoubtedly was to furnish to the parties a cheap and ready way to correct errors, which may have been committed in the court below. The defeated party knows wherein, and to what extent, he has been, or deems himself to have been wronged. He is, therefore, required in his notice of appeal to point out the particular or particulars in which he requires a modification of the judgment, and that it was not intended he should do this in a loose and uncertain manner, the statute provides that if he claims the amount of the judgment is less favorable to him than it should have been, he shall state what should have been its amount.

This requirement can only be complied with by naming the precise sum to which the judgment should be reduced.

If a modification of the judgment in any other respect is desired it would seem to be equally proper and necessary that it should be specifically stated.

We cannot, therefore, assent to the proposition that the appellant complies with the statute when he states in his notice of appeal that the judgment is for too much, or in using any other loose and uncertain statement of the modification desired.

Nor can we agree with those who require the utmost precision in the statement. In *Gray* agt. *Hannah* (30 *How.*, 156) the statement in the notice of appeal was, that the judgment of the justice should have been for a sum not exceeding $35, and offered to allow judgment in favor of plaintiff for that sum. This statement was held not to be sufficiently precise and definite, and the appellant was refused costs for that reason.

Now, with the most profound respect for the learned judges who rendered that judgment, we cannot agree with them. We think the statement could not be made more definite than it is. If the first branch of the statement, that

the judgment should not have exceeded $35, was uncertain, that uncertainty was removed by the offer to permit judgment to be rendered for that sum.

All that the statute requires is that the modification desired should be clearly and precisely stated, and it matters not in what language the statement is clothed, if the requisite precision and certainty are attained.

If the appellant omits to comply with the statute, by stating clearly and precisely the modification of the judgment that he desires to be made, the respondent is not called upon to make an offer to modify, and a subsequent recovery in the appellate court of a judgment for a less amount than was recovered in the court below, will not deprive him of his costs of the appeal.

But let us suppose that appellant's notice of appeal is in exact conformity to the statute, and that when the judgment before the justice is $100, he claims in his notice that it should have been for but one dollar, may the plaintiff offer to reduce his judgment to $95, or any other sum he thinks he can recover on a second trial; if he recovers such sum, is the appellant, nevertheless, entitled to costs, because a judgment more favorable to him has been recovered?

A construction that would lead to such a result would operate most unjustly on the party recovering the judgment. He must either surrender his entire recovery, or, at the risk of being charged with the whole costs, refuse to consent to any reduction, however well satisfied he may be, that he cannot, on a second trial, recover the same measure of damages, or obtain the same relief.

If the respondent is bound to modify to the extent specified in the notice of appeal, there is no escape for him from the payment of costs if his second judgment is a sixpence less than his first.

The statute is that within fifteen days after service of the notice of appeal, the respondent may serve on the appellant

an offer to allow judgment to be corrected in any of the particulars mentioned in the notice.

Giving effect to this language, without regard to the intention of those who framed the provision, the respondent would be bound to offer to modify precisely as claimed in the notice or omit to make any offer.

If it was the intention that the respondent should conform to the terms of the notice, and was not to be at liberty to make an offer to modify the judgment by reducing it to an amount greater than the appellant claims it should be, then why require the unmeaning ceremony of making an offer by the respondent a consent by the appellant?

If the respondent yielded to the claim of the appellant, a consent to the modification was all that was necessary. It is only upon the theory that the respondent may offer to modify the judgment differently from that desired by the appellant, that an acceptance by the latter could be necessary

We are of opinion that it was not the intention to require the respondent to conform his offer to the modifications specified in the notice of appeal, but that he may offer to modify in any other respect he deems proper, but the modification must be in the respects mentioned in the notice—that is to say, if the appellant claimed in his notice that the judgment was for too much, the offer must be to reduce the amount—if the action was in the nature of replevin and there was judgment for the return of articles of property to which appellant claimed, the respondent was not entitled or had never come into the custody of appellant, then the offer must be to modify the judgment so as to require the return of less.

A subsequent clause of the same action, seems to contemplate, that the offer of the respondent is not in conformity to the claim of the appellant in his notice as it (the sum offered) and not the amount of the judgment, is the stan-

dard by which the right of the parties to costs is to be determined.

It is provided, that if no offer is made, and the second recovery is more favorable to the appellant than the first, he is entitled to costs. But when an offer is made and not accepted, and the second recovery is more favorable to the appellant than the offer, the appellant is entitled to costs.

It is not unfrequently the subject of criticism, that the courts give to the language of an act of the legislature a meaning in one clause or section essentially different from that given to it in another in the same statute. But legislators are subject to the same infirmity in expressing their intention in words as other men, and hence, it not unfrequently occurs, that unless the intention is followed instead of the language, the object the legislature intended to attain would fail altogether, or the greatest injustice done.

The truth of this remark is very well illustrated in the case before us. If the word "particulars" in the clause now under consideration is to have the same meaning given to it as is given to it in the preceding clause, it follows that the respondent must offer to modify precisely as the appellant in his notice desired it to be modified, and he cannot escape litigation by offer to reduce the judgment to any amount larger than is claimed by the appellant, and less than the original recovery, and if the appellant is unscrupulous in his claim in his notice of appeal, he is enabled to compel the respondent to surrender substantially his whole recovery or pay costs of the appeal if his second judgment falls below the first.

This unjust result is prevented by holding that the respondent complies with the statute when he offers to reduce his judgment in the amount, when the amount is complained of in the notice of appeal, or in the relief granted when that is the subject of complaint.

The requirement that the appellant should point out the precise sum to which the judgment should be reduced or

the precise modification in any other respect which he desires to have made, is not in the view we take of the provisions, either useless or unmeaning. It is right that the respondent should be informed of the objections the appellant has to the judgment and what modifications of it would obviate such objections. Thus informed, he can determine intelligently how much he will relinquish of his judgment, and thereby avoid litigation. A general allegation in the notice of appeal conveys to him no information. It does not enable him to form a conclusion as to the propriety of making an offer, of terms of peace. This the legislature designed he should have an opportunity to do. And that opportunity is only offered when the notice contains a precise statement of the objections of the appellant to the judgment.

If we are right in our construction of the section under consideration, it follows, that the statement in the appellant's notice of appeal in this case, is wholly defective.

The damages recovered in the justices' court, were $135 78. In the seventh clause of the notice of appeal, the appellant claims that they should not have been so large by $25. In the eighth, the claim is that they should not have exceeded $100 ; and it is also claimed they should not have exceeded $75.

It is impossible for the respondent to know to what sum the appellant is willing the judgment should be reduced, and it is this information he was bound to furnish by his notice.

The appellant must name the precise sum to which the judgment should be reduced and if he does not, the respondent is not bound to make an offer, and he is entitled to the costs of the appeal, whatever sum he may recover on the second trial.

The order of the special term is affirmed, with $10 costs.